MONACO, J.
Gary M. Kaleita (“Kaleita”) appeals several rulings of the trial court concerning the custody of the minor child of the parties, and the calculation of support for that child, arising out of the dissolution of marriage of Kaleita and his former wife, the appellee, Tawny R. Kaleita n/k/a Tawny R. Sniderman (“Sniderman”). Sniderman cross appeals, but by virtue of the disposition of this case, the issues she raises are moot.
The final judgment of dissolution of marriage was rendered, pursuant to a marital settlement agreement, on January 4, 1999. Within a month Kaleita began filing motions seeking to enforce his rights under the agreement. A few weeks later he filed additional motions seeking to modify the agreement. In March of 1999, the parties then entered into a joint stipulation resolving all disputes stemming from the marital settlement agreement. The trial court promptly confirmed the stipulation.
Apparently, even the second settlement of this dispute was not enough for the parties. They almost immediately began filing motions either seeking to enforce the final judgment of dissolution of marriage and the joint stipulation, or to set aside or vacate or modify provisions of the marital settlement agreement and stipulation, or to accomplish some other result. It would serve no useful purpose to detail the multitude of motions and flurry of petitions filed by the parties. Suffice it to say that all of this squabbling eventually resulted in a trial on all of the pending issues, and a well-crafted final order by the trial court, *213 entitled Order Resolving Pending Motions (the “Order”).
Despite the numerous claims of error asserted by Kaleita, there is only one part of the Order that should be amended. Kaleita complains about the trial court’s requirement that he must “contemporaneously confer and consult” with Sniderman “before making any decisions” that affect the child of the parties. He argues that the court abused its discretion by not asserting the word “major” before “decisions.” He asserts further that he could be held in contempt for making such routine decisions as which toothpaste the child might use, or which library books she might check out. Given the history of bickering and sniping between these parties, the trial court may well have been hesitant to put any limitation on the quality of child-rearing decisions to be encompassed by the Order for fear of encouraging even more acrimony. We are confident, however, that the trial court intended to require consultation regarding only major decisions, and therefore modify paragraph 15(3) of the Order by requiring Kaleita to consult with Sniderman with respect to major decisions. Beyond this minor matter, we find no abuse of discretion and no other error contained in the record.
AFFIRMED as MODIFIED.
GRIFFIN, J. and NICHOLS, III, A. W., Associate Judge, concur.